Filed 12/6/21  P. v. Sanders CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GARRETT SANDERS,<br><br>Defendant and Appellant. | F081010<br><br>(Super. Ct. No. BF173420A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Meehan, J.

Defendant Garrett Sanders contends on appeal that (1) his term of probation must be modified to one year pursuant to Penal Code section 1203a,[1] subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950) and (2) the costs imposed for legal assistance pursuant to former section 987.8 are now unenforceable and uncollectible as a result of Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869).  We remand to the trial court to modify the term of probation to conform with Assembly Bill 1950 and strike the legal assistance costs imposed pursuant to former section 987.8 to conform with Assembly Bill 1869.  We affirm in all other respects.

## PROCEDURAL SUMMARY

On July 1, 2019, the Kern County District Attorney charged defendant by information with vehicular manslaughter, by committing an act with gross negligence (§ 192, subd. (c)(1); count 1), and with reckless driving, resulting in death (Veh. Code, § 23105, subd. (a); count 2).  The information further alleged as to both counts that defendant had suffered one qualifying prior felony strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), § 1170.12, subds. (a)–(e)) and had served four prison prior terms (§ 667.5, subd. (b)).

On February 5, 2020, the jury found defendant not guilty on both felony counts, but instead found him guilty of two lesser charges:  on count 1, vehicular manslaughter without gross negligence (§ 192, subd. (c)(2)); and on count 2, reckless driving (Veh. Code, § 23103).  Defendant admitted the prior strike conviction and the prior prison term allegations.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

On February 5, 2020, the trial court suspended sentence and placed defendant on informal (summary) probation for three years as to both counts. Defendant was ordered to serve 270 days in custody with credit for 212 days.

In addition to restitution and various fines and fees, defendant was ordered to pay $1,000 for legal assistance pursuant to former section 987.8.

On March 19, 2020, defendant filed his notice of appeal.

## FACTS

Just after 8:00 p.m., on April 29, 2018, witnesses saw defendant driving his vehicle in the city of Bakersfield, traveling southbound. He was driving at a high rate of speed, using the northbound lane to pass other southbound traffic while holding a cellular phone.

Defendant returned to the southbound lane of the street as he approached an intersection. Jane M. was in her vehicle approaching the same intersection in the eastbound lane. When she entered the intersection, she began making a U-turn into the westbound lane. When defendant entered the intersection, his vehicle hit the driver's side door of Jane's vehicle. The impact caused defendant's vehicle to roll over and Jane's vehicle to spin several times. Jane died within seconds from traumatic blunt force trauma. She suffered severe internal injuries, including a massive hemorrhage of her aorta.

Electronic data retrieved from defendant's vehicle indicated he was traveling at a speed of at least 66 miles per hour and did not deploy the brakes in the time immediately preceding the collision. Neither vehicle exhibited pre-collision mechanical issues. Data from Jane's vehicle indicated it was making a hard left turn at the time of the accident. Data from defendant's cellular phone indicated that he received an incoming call at approximately 8:03 p.m., that lasted one minute and 20 seconds, and made an outgoing call at 8:10 p.m., lasting 21 seconds.

3.

**DISCUSSION**

## I. Assembly Bill 1950

Effective January 1, 2021, sections 1203a and 1203.1 were amended by Assembly Bill 1950 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year.[2] (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m)), as amended by Stats. 2020, ch. 328, §§ 1, 2.) "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th 943, 964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date. (*Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a term of summary probation for three years on two misdemeanor convictions. We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

Defendant asks that we remand the matter to the trial court to modify the term of probation. The People agree. We remand the matter for the trial court to modify the term of probation consistent with Assembly Bill 1950. We note that until expiration of defendant's term of probation, the trial court may modify the terms and conditions of probation (and the parties may move the court to do so). (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a).)

## II. Assembly Bill 1869

On September 18, 2020, the Governor signed Assembly Bill 869. Effective July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that

---

[2] Section 1203a, subdivision (b) provides that the one-year limitation does not apply to an offense in which the statute provides for a specific duration of probation. This exception does not apply to defendant's convictions.

courts have imposed under a variety of statutes, including former section 987.8, which previously allowed collection of costs for legal assistance. (Stats. 2020, ch. 92, §§ 2, 11, 37, 62.) In *People v. Clark* (2021) 67 Cal.App.5th 248, the court found that Assembly Bill 1869 applied retroactively to probation supervision costs because it was an ameliorative measure. (*Id*. at p. 252.) As the elimination of legal fees is also an ameliorative measure, the same rationale applies, and Assembly Bill 1869 must be applied retroactively to legal fees imposed pursuant to former section 987.8.

Defendant's case was not final on January 1, 2021, and he was ordered to pay $1,000 legal assistance costs pursuant to former section 978.8. Defendant is entitled to the benefit of Assembly Bill 1869.

Defendant asks that we remand the matter to the trial court to vacate the $1,000 legal assistance costs. The People decline to submit supplemental briefing on the issue.

We conclude that the balance of the legal assistance costs imposed pursuant to former section 987.8 is unenforceable and uncollectible and the portion of the judgment imposing those costs must be vacated. (§ 1465.9, subd. (a).) Accordingly, we remand the matter to the trial court with direction to vacate the $1,000 legal assistance costs ordered pursuant to former section 987.8.

## DISPOSITION

The matter is remanded to the trial court to modify the term of probation to conform with Assembly Bill 1950 and vacate the legal assistance costs imposed pursuant to former section 987.8. In all other respects, the judgment is affirmed.